IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF GEORGIA
ATLANTA DIVISION

| | | |
|---|---|---|
| MARK ANTHONY MANFRED, JR., | :: :: | PRISONER CIVIL RIGHTS 42 U.S.C. § 1983 |
| Plaintiff, | :: | |
| | :: | |
| v. | :: | |
| | :: | |
| A. SMITH, | :: | CIVIL ACTION NO. |
| Defendant. | :: | 1:18-CV-1065-TWT-LTW |

## **FINAL REPORT AND RECOMMENDATION**

Plaintiff is an inmate at the Clayton County Jail (the "Jail") who, pro se, claims in this action that Defendant, the Jail's inmate worker coordinator, refused to allow Plaintiff to be an inmate worker because Plaintiff is a Muslim. (Doc. 1.) The Court screened Plaintiff's complaint and allowed his claim of unlawful discrimination to proceed. (Doc. 5.)

Defendant filed an answer to the complaint, (doc. 9), and a motion for judgment on the pleadings, (doc. 12). Plaintiff has not filed a response to the motion, and the deadline to do so has expired. *See* LR 7.1B, NDGa. (requiring response within fourteen days of service). The motion is thus deemed unopposed. *See id.*

Defendant claims that Plaintiff failed to exhaust his administrative remedies at the Jail, his claims for compensatory and punitive damages are barred, and Defendant

is entitled to qualified immunity. (Doc. 12-1.) The undersigned agrees with Defendant on the first two points and finds it unnecessary to reach the third.

Before filing in federal court a claim challenging his jailer's conduct, a prisoner must properly exhaust all available administrative remedies. 42 U.S.C. § 1997e(a). The Prison Litigation Reform Act ("PLRA") provides: "No action shall be brought with respect to prison conditions under section 1983 of this title, or any other Federal law, by a prisoner confined in any jail, prison, or other correctional facility until such administrative remedies as are available are exhausted." *Id.*

"There is no question that exhaustion is mandatory under the PLRA and that unexhausted claims cannot be brought in court." *Jones v. Bock*, 549 U.S. 199, 211 (2007); *see Bryant v. Rich*, 530 F.3d 1368, 1373 (11th Cir. 2008) ("We have no discretion to waive this exhaustion requirement."). Prisoners must exhaust all available administrative remedies *before* they file suit – completion of the administrative process after the suit is filed is insufficient. *Smith v. Terry*, 491 F. App'x 81, 83 (11th Cir. 2012); *see Harris v. Garner*, 216 F.3d 970, 974 (11th Cir. 2000) (en banc).

2

Defendants may assert via a motion for judgment on the pleadings the affirmative defense of failure to exhaust administrative remedies.[1] *See Bryant*, 530 F.3d at 1374-75.  When the defense is asserted, courts apply "a two-step process" to determine if the plaintiff exhausted his administrative remedies. *Turner v. Burnside*, 541 F.3d 1077, 1082 (11th Cir. 2008).  That process is as follows:

> First, the court looks to the factual allegations in the defendant's motion . . . and those in the plaintiff's response, and if they conflict, takes the plaintiff's version of the facts as true. If, in that light, the defendant is entitled to have the complaint dismissed for failure to exhaust administrative remedies, it must be dismissed. . . .

> If the complaint is not subject to dismissal at the first step, where the plaintiff's allegations are assumed to be true, the court then proceeds to make specific findings in order to resolve the disputed factual issues related to exhaustion. The defendants bear the burden of proving that the plaintiff has failed to exhaust his available administrative remedies. Once the court makes findings on the disputed issues of fact, it then decides whether under those findings the prisoner has exhausted his available administrative remedies.

*Id.* at 1082-83 (citations omitted).  In deciding whether a plaintiff has exhausted his administrative remedies, "it is proper for a judge to consider facts outside of the pleadings." *Bryant*, 530 F.3d at 1376.

---

[1] In his answer, which he filed before his motion for judgment on the pleadings, Defendant asserted the defense.  (Doc. 9 at 2, 4.)

⊃ 72A
ev.8/82)

Defendant submitted the declaration of Teresa Proctor, the Jail officer in charge of administrative operations, in support of his claim that Plaintiff failed to exhaust his administrative remedies. (Doc. 12-2.) Proctor attached to her declaration a copy of the Jail's inmate grievance policy (the "Policy"). (*Id.* at 3-5.)

The Policy requires inmates to attempt to resolve grievances informally and, if that fails, to file a formal written grievance within five days of the alleged incident. (*Id.* at 3.) If an inmate disagrees with the response to the grievance, he must submit a written appeal to the Jail Administrator within two days of receipt of the response. (*Id.* at 4.) The Policy applies to grievances concerning "[t]he actions of [Jail] staff members." (*Id.*)

Plaintiff alleged in his complaint that Defendant, a Jail staff member, unlawfully discriminated against him on February 6, 2018, and on other unidentified occasions from January 5, 2018 to February 6, 2018. (Doc. 1 at 3-4.) Proctor declared that she thoroughly reviewed the Jail's grievance files and did not find any record of Plaintiff filing a grievance between February 6 and 11, 2018, alleging discrimination by Defendant. (Doc. 12-2 at 2.)

Proctor's declaration, alone, is sufficient to decide the exhaustion issue because Plaintiff did not file a response to Defendant's motion for judgment on the pleadings.

4

*See Turner*, 541 F.3d at 1082-83.  The only thing from Plaintiff about exhaustion is his allegation in his complaint – filed four months before the motion – that he filed "a grievance, which was denied, and [] filed an appeal which was also denied."  (Doc. 1 at 2.)  Plaintiff did not provide any details about that purported grievance.  (*Id.*)

Even proceeding to *Turner*'s second step and viewing Plaintiff's statement in his complaint as evidence, the undersigned finds that Plaintiff did not file a grievance about Defendant's alleged discrimination in accordance with the Policy.  Defendant's evidence – Proctor's detailed declaration – is more credible than Plaintiff's vague, conclusory statement in his complaint that he "filed a grievance."  (*Id.*)  Defendant has met his burden of showing that Plaintiff did not exhaust his administrative remedies for the claim he asserts against Defendant in this suit.  As a result, the case must be dismissed without prejudice.  *See Miller v. Pryor*, 315 F. App'x 149, 150 (11th Cir. 2008) ("Since Miller has not exhausted his administrative remedies . . . the district court properly dismissed his complaint without prejudice.").

Defendant also has shown that Plaintiff's claims for compensatory and punitive damages are barred.  The PLRA bars inmates from filing suit "for mental or emotional injury suffered while in custody without a prior showing of physical injury."  42 U.S.C. § 1997e(e).  In the Eleventh Circuit, that means that if an inmate files suit

'2A
.8/82)

while confined and does not allege physical injury, he cannot recover compensatory or punitive damages. *Al-Amin v. Smith*, 637 F.3d 1192, 1197-99 (11th Cir. 2011); *Harris*, 216 F.3d at 979-82.

Plaintiff did not allege any physical injury in connection with his discrimination claim, but only "emotional distress, and mental anguish." (Doc. 1 at 5.) Thus, he cannot recover compensatory or punitive damages. *See Smith*, 637 F.3d 1198-99; *Napier v. Preslicka*, 314 F.3d 528, 531-32 (11th Cir. 2002). Plaintiff's claims for such damages must be dismissed without prejudice. *See Harris*, 216 F.3d at 980 ("[D]ismissal under [§ 1997e(e)] . . . of a claim that is filed during confinement should be without prejudice to re-filing the claim if and when the plaintiff is released.").

For the foregoing reasons, the undersigned **RECOMMENDS** that Defendants' motion for judgment on the pleadings [12] be **GRANTED** and that this action be **DISMISSED WITHOUT PREJUDICE**.

**SO RECOMMENDED**, this __16__ day of __August__, 2018.

LINDA T. WALKER
UNITED STATES MAGISTRATE JUDGE